UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Filed 8-24-06
Clerk, U.S. District Court
Western District of Texas
By _____ Deputy

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. EP-04-2091KC |
| | § | |
| NOEL CEDRO TOLENTINO | § | |

## DEFENDANT NOEL TOLENTINO'S RESPONSE TO THE GOVERNMENT'S AMENDED MOTIONS IN LIMINE

COMES NOW the Defendant, NOEL CEDRO TOLENTINO, through counsel, Ronald F. Ederer, and files this his Response to Government's Motion in Limine.

### I. THE COURT SHOULD CONDUCT ALL VOIR DIRE

It is requested the Court follow Rule 24(a)(2)(A) or (B).

### II. DEFENSE EVIDENCE SHOULD BE EXCLUDED AS DEFENDANTS HAVE FAILED TO COMPLY WITH THE FEDERAL RULES OF CRIMINAL PROCEDURE AND THE COURT'S SCHEDULING ORDER

As evidence has been discovered it has been provided to the Government. The Government's allegation that it has provided unlimited access to the evidence in this case is misleading. The defense has not been provided a list of Government exhibits. The Government has two large rooms full of evidence, most of which is totally irrelevant. It would take months and be a ridiculous expense to the defendants in this case to review each and every document. The sheer volume of the alleged evidence as presented by the Government without identifying any exhibits has excluded the defendants from opportunity to review the evidence and prepare its case sufficiently.

The Government has selectively complied with the Scheduling Order by the manner in which they provided the evidence. The Government has failed to produce an

- 1 -

exhibit list of documents it intends to present at trial. The Government in its response to Defendant's Motion for Bill of Particulars and its continued response to requests states that the Government has an open door policy and that all evidence is being provided in rooms in the United States Attorney's Office. The Government has indicated they have over 700 exhibits, however to this day they have failed to provide us with a list.

## III.   EXCLUSION AND RESTRICTION OF CERTAIN EVIDENCE AND THEORIES

This defendant is confident that the Court will follow Rule 103 of the Federal Rules of Evidence, however, must comment on various requests and statements contained in the Government's motion:

### A.  Information Contained in Defense Exhibits.

The Defendants have produced evidence when it was available, as it became available to Government's counsel. However, the Government to this day has failed to provide an exhibit list, merely refers defense counsel to large rooms in the United States Attorney's Office filled with so-called evidence. It is impossible to prepare an exhibit list or to prepare evidence for presentation in the trial of this matter without some information as to what is going to be presented by Government's counsel.

### B.  Potential Sentence or Consequences for Offense Charged

It appears the Government seeks to deny any cross-examination of Government witnesses who have entered pleas of guilty in this case. This request would of course deny the defendant's of their right to confront and cross-examine witnesses against them, their right to a fair trial and various other Constitutional Rights. It is of course the Court's duty and responsibility to determine the punishment each defendant is to receive if convicted. This is not in the province of the jury. However, promises that have been made

by the Government to various Government witnesses, whether they have pleaded guilty or not guilty, or are merely witnesses testifying under the threat of deportation is relevant.

### C.  Questions or Comments by Counsel Concerning September 11th

This defendant has no intention whatsoever of discussing September 11th with this jury. However, if the Department of State, Department of Homeland Security and Immigration and Naturalization Service have conducted themselves in such a manner as to deprive the defendants of their rights under the Constitution of the United States and in violation of the Immigration and Naturalization Laws of the United States the questions should be permitted and failure to allow said questioning would be error.

### D.  The Court Should Exclude Testimony or Evidence Concerning the Manner in Which the Investigation was Conducted and/or Alleged Motive Behind the Criminal Action

The Government appears concerned that the manner in which the investigation was conducted could raise certain defenses.

#### 1.  A Due Process/Spoliation Defense Is Not Available.

If it is shown by the evidence that the conduct of the Government during this investigation was outrageous, the defendants should be allowed to comment.

#### 2.  A Selective Prosecution Defense Is Not Available.

The Defendant does recognize that it has a heavy burden to establish the offense of selective prosecution. However, the facts of this case are unique, dealing with foreign citizens, and the Government is relying upon an area of the law that can be confusing depending on the circumstances such as this case. This defense could very possibly become available depending on the evidence presented by the Government.

E.     **Defense of Ignorance of The Law or Mistake of Law**

Generally speaking, ignorance of the law is no defense in a criminal prosecution. However, when the law is relied upon by the Government as set out in the Code of Federal Regulation, not only gives the appearance, but in fact makes the statement "...beneficial to the defendant..." so-called ignorance of the law may very well be a defense. There appears to be no case law to support the Government's position. All of the cases cited by the Government concern themselves with facts and circumstances that do not apply in this case. These teachers were not smuggled into this country, they entered this country with a valid visa and are presently teaching in El Paso County and other counties throughout the state of Texas and other states in the United States.

1.   **Testimony Concerning the Law**

The Government does not want the defendants to bring forward any testimony concerning the "gray areas of the law". The Government apparently does not want to allow any cross-examination of their expert witnesses, Peter D. Williamson and/or Betty Mapes of the Citizen and Immigration Services. The Government's own words at Page 14 of their brief set out the following:

> "The Court should prohibit the defendants from arguing or offering evidence that the law governing H1-B status and visas, including the portability provisions thereof is vague or ambiguous, resulting in confusion in the standard of conduct required for compliance. Allowing defendants to represent to the jury through "expert" testimony or otherwise, that the relevant law is vague and ambiguous would usurp the Court's function as the determiner of the law, would unnecessarily confuse the jury, would unfairly prejudice the Government, and would delay the proceedings. Consequently, such evidence and argument should be excluded under Federal Rule of Evidence 403".

Rule 403 Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or a Waste of time is the rule which the Court must follow. However, in the Advisory Committee notes it is clear that "...situations in this area call for balancing the probative value of and need for the evidence against harm likely to result from its admission...". *McCormick*, Section 152, PP. 319 - 321. We must now look to relevance of the issue.

If the law allows the portability of the H1-B visa, a major element in the Government's case becomes problematic. In *United States v. Daley*, 756 F.2d 1076, 1083 (5th Cir. 1985) when discussing a tax matter and the intention of the parties the following is set out: "...where the uncertainty of the law does not approach legal vagueness, the admissibility of an expert's testimony is governed by relevancy under Federal Rule of Evidence 403...". In *United States v. Garber*, 607 F.2d 92, 98-100 (5th Circuit 1979) the Court held that where the taxability for unreported income was uncertain as a matter of law, it was error to exclude the evidence of the expert who would testify about the unresolved nature of the law. In *United States v. Burton*, 737 F.2d 439, 433-44 (5th Circuit 1984), the Court limited Garber to its bizarre facts - - where the level of uncertainty approached legal vagueness. In the case before this Court the facts are certainly bizarre and not only is the law vague and uncertain, but the facts tend to be vague and uncertain. 8 C.F.R.§214.2(h)(11) is the controlling legislation in this case and it does clarify the "law". Therefore, to exclude testimony concerning the law and the vagueness of the law as it concerns the H1-B visa would be error.

## 2.  Interpretation of the Documents

The documents will speak for themselves and if interpretation is necessary, the matter will be addressed.

3. **The Court should exclude testimony concerning similar contracts or arrangements**

Again, the Government seems to be very concerned that the defendants' explanation of the facts and cross-examination of the Government's witnesses will tend to confuse the jury. The evidence that will be presented by the defendant concerning the school districts identified in the Government's motion will be relevant and for the purpose of clarifying the confusion created by the Government's case.

Evidence that Omni, Multicultural, and/or the Tolentinos had allegedly had legitimate contracts with individuals and/or school districts other than those charged that were in fact ultimately connected to and made a part of the entire sequence of events during the same or similar time period would be relevant. Intent seems to be a factor that the Government wants to eliminate. The Government cites numerous cases, all of which appear to be proper. The facts in all are considerably different from this unique set of facts. The facts of this case demand that the jury be allowed to hear and receive a clear and complete picture of events.

F. **Irrelevant Evidence And/Or Evidence Without Factual Foundation**

The Defendants have a Constitutional right to a fair trial.

G. **The court should limit the number of character witnesses each defendant presents whether through cross-examination or direct examination.**

The Defendants may bring some character witnesses as appropriate.

H. **The court should exclude evidence regarding specific acts of good character.**

If there are specific acts of good character that would be relevant to this matter, the defendants have every intention of requesting the Court to allow such testimony.

- 6 -

I.     **The court should prohibit cross-examination as to immigration and other benefits given to witnesses since the last continuance.**

The Defendant again requests all Brady material. If the Government is coercing or bribing witnesses with visas so they can stay in the country and continue to work, we feel this is Brady evidence and should be disclosed.

## IV.   LIMITATION ON ORDER AND SCOPE OF CROSS-EXAMINATION

The Sixth Amendment of the Constitution guarantees a criminal defendant the right to confront and cross-examine the witnesses brought against him. If the Government calls a witness and that witness gives testimony against any one of the defendants or has evidence which would benefit any one of the defendants it would be unethical and malpractice for the defense attorney not to question the witness accordingly. For the Court to order otherwise would be error. At this stage of the proceeding it would be impossible to attempt to limit testimony that will very likely be beneficial to the defense.

## V.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT OFFERED FOR THE PURPOSE OF ENCOURAGING JURY NULLIFICATION

"If the glove doesn't fit, you must acquit...Johnny Cochran". This Government request needs no further comment. This Defendant will follow the Rules of Evidence and argue accordingly.

## VI.   THE COURT SHOULD EXCLUDE OR RESTRICT EVIDENCE CONCERNING MOTIVE OR GOOD FAITH OF THE DEFENDANTS.

The Government agrees that a defendant has the right to have a judge or jury resolve disputed factual issues, then proceed to cite a number of old cases in an attempt to eliminate any defense whatsoever. The terms "good faith," "motive", "specific intent" and "general intent", along with "knowingly" are kicked around and distorted in such a

- 7 -

fashion that if believed and the Court followed the Government's desires, there would be no defense to any charge dreamed up by the Government.

The Government at it's statement on Page 29 would lead the Court to believe that the evidence of good faith and/or motive is irrelevant to the elements of the charge in the indictment. The Government cites among others, *United States v.Waldrip*, 981 F.2d 799(5th Cir. 1993). The Government does correctly cite *Waldrip* supra. However, the evidence excluded in that case concerned itself with evidence regarding a settlement agreement reached between the bank and the investors which was only relevant to the issue of loss and the amount of loss. The loss need not be proven for the conviction of bank fraud and therefore the District Court correctly determined that the evidence was not relevant. "<u>Moreover, the settlement agreement is not relevant to *Waldrip's* good-faith defense that she believed that she had the authority to sign the loan documents</u>" (empashis added). The case does not concern itself with a good-faith defense and Rule 402, relevant evidence generally admissible; irrelevant evidence inadmissible in the Advisory Committee notes sets out the following:

> "While Congressional enactments in the field of evidence have generally tended to expand admissibility beyond the scope of common law rules, in some particular situations that have restricted the admissibility of relevant evidence most of the legislation has consisted of the formula of a privilege or of a prohibition against disclosure..."

The Government further cites *United States v. Hall*, 653 F.2d at 1005 which in fact concerns itself with plea bargains and testimony of accomplices.

Rule 401 of the Federal Rules of Evidence sets out the following:

> "Relevant evidence means evidence having <u>any</u> tendency to make the existence of <u>any</u> fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence."

This and other rules concerning admission of evidence are sufficient. Any limiting instructions at this stage of the proceeding when neither the Court nor the defendants know the evidence that is going to be presented by the Government could inadvertently cause error and deprive the defendants of a fair trial.

## VII. RESTRICTION ON EVIDENCE CONCERNING BACKGROUND INFORMATION ON DEFENDANTS.

This request requires no response.

### CONCLUSION

For the above reasons the Government's Motion in Limine should in all things be denied.

Respectfully submitted,

Ronald F. Ederer
Texas Bar No. 06418000
1020 N.E. Loop 410, Suite 270
San Antonio, Texas  78209
Tel. (210) 822-6775
Fax. (210) 822-4775

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Response to Government's Motion in Limine was sent via facsimile, hand delivery or First Class mail to the following counsel of record on August 24, 2006:

Ronald F. Ederer

| | | |
|---|---|---|
| Brandy Gardes, AUSA<br>AUSA<br>U.S. Attorney's Office<br>700 E. San Antonio, Suite 200<br>El Paso, Texas 79901 | 915/534-6024 | |
| Chris Antcliff<br>521 Texas Ave.<br>El Paso, Texas 79901 | 915/532-1123 | Counsel for Angelica Tolentino |
| Merv Mosbacker<br>1000 Riviana Building<br>2777 Allen Pkwy.<br>Houston, Texas 77019 | 713/529-4211 | Counsel for Florita Tolentino |
| Manuel Barrazas<br>8090 Alameda<br>El Paso, Texas 79907 | 915/858-1960 | Counsel for Omni Consortium, Inc.<br>and Local Counsel for Florita<br>Tolentino |
| Ed Solis<br>1009 Montana Avenue<br>El Paso, Texas 79902 | 915/544-4068 | Counsel for Juan Canales |
| Sidney A. Lyle<br>1858 E. Keller Pkwy, Suite B<br>Keller, Texas 76248 | 817/337-0043 | Counsel for Roland Sotello |