# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. EP-04-CR-2091KC(5) |
| | ) | |
| NOEL CEDRO TOLENTINO, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN SUPPORT OF DEFENDANT'S REQUEST TO WITHDRAW HIS PLEA OF GUILTY**

TO THE JUDGE OF THE HONORABLE COURT

      Comes Now the Defendant, NOEL CEDRO TOLENTINO, by and through his attorney of record, FELIPE D.J. MILLAN and moves this Court to allow him to withdraw his plea of guilt pursuant to the provisions of Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, and for grounds thereof would show the Court as follows:

**I. Grounds for Relief**

The defendant should be granted the relief sought in this motion because, as the written statements of the defendant and his immigration attorney Imran Beg Mirza show:

    1. The defendant is not guilty of the offense charged in the indictment. Both statements of the defendant and attorney Mirza show that the defendant has a good and substantial defense to the offense charged.

    2. The defendant's plea and admission of guilt at the plea hearing on January 2, 2008 resulted from confusion and a lack of legal advice. The statement of the defendant and attorney

Mirzza show that the defendant was deliberately misled by his criminal attorney Ray Velarde into believing that:

    a. Immigration attorney Mirza had reviewed and co-created the plea agreement to avoid any immigration consequences such as removal from the United States.

    b. Attorney Velarde, after consulting with immigration attorney Mirza, would follow the advice of Ms. Mirza and avoid any immigration consequences from the language of the plea agreement.

    c. Attorney Velarde had properly reviewed the plea agreement to the satisfaction of the defendant's intentions and concerns.

    d. The language used in the plea agreement and the factual basis would be true and correct.

    e. The in-court statement made by attorney Velarde clarifying defendant's plea of guilt was only for the second paragraph of 18 U.S.C. § 371 and not 18 U.S.C. § 1546, as well as the defendant's in-court statement agreeing only with the last paragraph of the Factual Basis would correct and amend both the plea document and Factual Basis.

    f. The Defendant's statement to Probation Officer Irma Rodriguez regarding his reason to enter into a plea agreement was to eliminate any possible legal exposure directed towards his mother would be included in the final Pre-Sentence Investigation report submitted to the court.

    3. The defendant lacked legal advice at the plea hearing because attorney Velarde, contrary to his legal obligations, failed to effectively prepare, review, and explain to the

defendant the plea he would agree to. Attorney Velarde failed to follow the advice of immigration attorney Mirza to accept only a plea that would avoid any possible immigration consequences as such consequences "would be devastating to his immigration status"; failed to properly and thoroughly review the plea agreement so that all language and factual basis were true and correct; failed to effectively review and explain the plea agreement to the defendant by having the defendant review the plea agreement only FIFTEEN (15) minutes prior to the status conference.

4. After the defendant entered his plea in this matter, the defendant sought legal advice from immigration attorney Mirza. After consulting with the defendant, attorney Mirza prepared a letter noting her conversations with the defendant and attorney Velarde regarding the immigration consequences for agreeing to a plea admitting guilt to any aggravated felony or crime involving moral turpitude. Attorney Mirza also noted attorney Velarde's assurance that any plea agreement would be consistent with her advice.

5. Shortly after consulting with attorney Mirza, the defendant prepared and submitted to the court a letter requesting to withdraw his guilty plea so that there has been no undue delay on the part of the defendant in seeking relief. Undersigned counsel was recently retained by the defendant and immediately prepared this motion to withdraw guilty plea in accordance with the Federal Rules of Criminal Procedure.

**Argument and Authorities**

In reviewing a denial of a motion to withdraw a guilty plea under the Federal Rules of Criminal Procedure 11(d), the Appellate Court for the Fifth Circuit traditionally considers seven factors found in U.S. v. Carr, 740 F.2d 339 (5th Cir. 1984). The seven factors are:

(1) whether or not the defendant has asserted his innocence;
(2) whether or not the government would suffer prejudice if the withdrawal motion were granted;
(3) whether or not the defendant has delayed in filing his withdrawal motion;
(4) whether or not the withdrawal would substantially inconvenience the court;
(5) whether or not close assistance of counsel was available;
(6) whether or not the original plea was knowing and voluntary; and
(7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.
Id. at 344-347.

When courts apply the factors enumerated above they should consider the totality of the circumstances. Id. at 344 citing U.S. v. Morrow, 537 F.2d 120, 146 (5th Cir. 1976). Given the totality of the circumstances, the defendant contends the Court will be justified in granting his motion to withdraw guilty plea and would show as follows:

*Factor One - Assertion of Innocence*

The defendant has asserted his innocence in several occasions, although the most important assertion was during his colloquy on January 2, 2008. When asked by the Court if he agreed to the Factual Basis of the agreement the defendant replied he was only agreeing with the last paragraph of 18 U.S.C. § 371 which states:

> If, however, the offense, the commission of which is the object of
>
> the conspiracy, is a misdemeanor only, the punishment for such
>
> conspiracy shall not exceed the maximum punishment provided for
>
> such misdemeanor.
>
> 18 U.S.C. § 371

The Court was made aware of the defendant's assertion of innocence to all charges alleged against him except for the factual basis found in the second paragraph of 18 U.S.C. § 371. This

4

statement made by the defendant is a clear revelation of his assertion of innocence of most of the charges alleged in the indictment against the defendant. The defendant even made his innocence known of the all the charges alleged against him, including the second paragraph of 18 U.S.C. § 371 when he spoke to Ms. Irma Rodriguez, Senior Probation Officer after his plea was accepted by the court. In a letter addressed to the Honorable Kathleen Cardone on March 12, 2008, the defendant informed Judge Cardone of his Pre-Sentence Investigation interview with Ms. Irma Rodriguez. During this interview, the defendant truthfully and forthright told Ms. Rodriguez the reason he pled guilty was "to eliminate any possible legal exposure directed towards [his] mother. Defendant's mother is in her mid 70's and has suffered a great deal throughout this ordeal." Much to the defendant's surprise, this statement was not included in the final Pre-Sentence Investigation Report. The defendant has twice made it know on the record his assertion of innocence to the charges alleged against him, once to the Court on January 2, 2008 and again to Ms. Irma Rodriguez during his interview for the preparation of a Pre-Sentence Report in February 2008.

*Factor Two - Prejudice to the Government*

In a memorandum opposing the defendant's request to withdraw his guilty plea, the government contends it would be prejudiced if the defendant's request were approved because witnesses have been removed from the country and the remaining witnesses' memories have "faded." Also, the government contends of the remaining witnesses, some will become reluctant to participate. The government has within its authority to allow any person entry into the United States who would not ordinarily be allowed entry. The U.S. Attorney General has delegated its authority to grant a person "parole" into the United States for a temporary time and for a specific

purpose. See Immigration and Nationality Act Section 212(d)(5). Therefore, availability of witnesses outside the United States is not an issue.

If the defendant's motion to withdraw his guilty plea is granted, a new trial would be shortly scheduled. It is unclear why the government believes that within a short time span a person's memory would rapidly deteriorate to a point were they would not be able to effectively participate in a trial. It is also unclear how the government came to the conclusion that of the remaining witnesses they are aware of a reluctance to participate in trial. The defendant is not aware of any witnesses' reluctance to participate nor has the government made it be known of any witnesses' reluctance. The government would not suffer prejudice if the defendant's motion is granted. Although an absence of a showing of prejudice to the government, by itself, is not sufficient to grant a withdraw of a plea, it may be sufficient if a credible reason is proffered. Carr, 740 F. 2d 339, 345. The defendant has a credible reason for the Court to grant his withdraw of plea, his attorney failed to effectively assist and inform him of the plea agreement by failing to properly review the plea with the defendant as well as ensure the plea agreement would not result in any immigration consequences against the defendant, a failure he assured both the defendant and immigration attorney Mirza he would not do.

*Factor 3 - Delay in Filing the Motion*

The defendant was ensured by attorney Velarde the plea agreement would not result in immigration consequences against him both before and after his consultation with attorney Mirza. The defendant was not aware of attorney Velarde's failure until he consulted with attorney Mirza and she informed the defendant of attorney Velarde's failure of ensuring the language in the plea agreement would not result in immigration consequences against the

6

defendant. At that time, attorney Mirza advised the defendant to immediately inform the Court of his withdraw of plea of guilt in light of attorney Velarde's failure to properly represent the defendant's intentions. The defendant wrote a letter to Judge Kathleen Cardone on March 12, 2008 informing her of attorney Velarde's ineffective assistance and his assertion of innocence to the charges alleged against him. Had attorney Velarde properly informed the defendant of the language of the plea agreement and its consequences of removal from the United States the defendant would never had agreed to such plea. It took another attorney to properly inform the defendant of the immigration consequences his plea agreement would entail. As soon as the defendant was made aware of the language and consequences of the plea agreement he promptly informed the Court of his assertion of innocence and his attorney's misrepresentations.

*Factor Four - Court Inconvenience and Judicial Waste*

The government contends if the defendant's request to withdraw plea is granted it would effect other plea agreements made in connection with the defendant's case. What the government failed to do was explain how the other defendants would be effected. It is not certain how one plea agreement can directly dissolve other plea agreements made when it is commonly accepted practice to offer co-defendants separate plea agreements for separate levels of culpability. Additionally the government contends a grant of defendant's motion would "impact adversely on the Government's ability to present its case." Again the government failed to explain exactly how a grant of defendant's motion would adversely impact the government. The government previously tried the defendant's case in court which resulted in a mistrial. It is quite possible the government's case against the defendant has been adversely impacted since the beginning of this case, at no fault of the defendant. In any event, a grant of the defendant's

7

motion would only cause a slight inconvenience, however, in light of a clear failure to effectively assist the defendant, the defendant's multiple assertion of innocence, and the severe immigration consequences that would befall the defendant, a slight inconvenience would not be significant enough to prohibit the Court to undue an injustice that befell the defendant.

*Factor Five - Available Assistance of Counsel*

The defendant does not question the availability of attorney Velarde. The defendant does question attorney Velarde's refusal to abide by his assurance to negotiate a plea agreement that would not result in immigration consequences of removal from the United States. Attorney Velarde assured both the defendant and immigration attorney Mirza he would negotiate a plea that would not require the defendant to plea guilty to any aggravated felony or crime involving moral turpitude. This assurance by attorney Velarde kept the defendant at ease and therefore did not feel the need to consult with attorney Mirza during the plea negotiations. It was not until after the defendant's ill treatment by attorney Velarde just prior to the status conference hearing and during the plea hearing the defendant became unsure of attorney Velarde's representation and commitment to ensure the plea agreement would not result in immigration consequences. Therefore, because of the actions or inactions of attorney Velarde, the defendant did not have adequate assistance of counsel when, given his immigrant status, he was in need of both a criminal and an immigration attorney. The defendant was not able to properly converse with an immigration attorney until after the Court's acceptance of his plea.

*Factor Six - Knowing and Voluntary Plea*

Although the Court is "fastidious" in its plea colloquies, the defendant made it known to the Court his intent to knowingly and voluntarily plea guilty to only the second paragraph of 18

8

U.S.C. 371. When asked by the Court during his colloquy, the defendant stated he agreed with the last paragraph of the Factual Basis of the agreement. The defendant was surprised when the Court then immediately stated, "You are still pleading guilty, aren't you?" At that moment the Court should have been aware that the defendant's plea to all the charges except the second paragraph of 18 U.S.C. 371 were not made knowingly and voluntarily, or at least should have alerted the Court to further investigate the defendant's full intentions in accepting the government's plea. The Fifth Circuit in <u>Carr</u> found appellant entered a plea agreement voluntarily and knowingly. <u>Carr</u>, 740 F.2d 339, 345. The Fifth Circuit came to this conclusion because the appellant had an experienced attorney, appellant "fully and thoroughly understood the charges against him," and there was no question in the Court's mind that everyone thoroughly and clearly understood what was being said and done. <u>Id</u>. at 345. Although the defendant did have an experienced criminal attorney negotiating the plea agreement the attorney was not experienced in immigration matters. Attorney Velarde sought the advice of immigration attorney Mirza because he knew he lacked the requisite knowledge to effective represent a person facing immigration consequences. Although attorney Velarde sought and received the advice of an experienced immigration attorney he refused to utilize that advice when negotiating the defendant's plea, therefore the defendant did not have an experienced immigration attorney either during the negotiation of the plea or during colloquy. Additionally, the Court, unlike in <u>Carr</u> did question the defendant as to his intentions to the plea. After the defendant stated in court his intent to plea guilty only to the second paragraph of 18 U.S.C. 371, the Court questioned the defendant if he was still pleading guilty. There is no doubt that the Court did have a doubt defendant was entering a knowing and voluntary plea agreement.

9

*Factor Seven - Judicial Waste and Reasons for Delay*

Although the government seems concerned with the Court's overburdened docket, only the Court is in the best position to know if a grant of the defendant's motion would waste judicial resources and therefore substantial deference is given to the Court in determining this factor. <u>Carr</u>, 740 F.2d 339, 345. The Fifth Circuit in <u>Carr</u> found that a grant of the appellant's motion to withdraw plea would waste judicial resources because (1) the case was of great magnitude, (2) other cases were granted continuances to allow sufficient time for appellant's trial, (3) daily the Court asked the appellant's attorney of any chance of a plea agreement, and (4) the Court received notice of plea too late to call off the jurors resulting in wasted juror expenses. <u>Carr</u>, 740 F.2d 339, 346. Although it appears, given the totality of the circumstances, the <u>Carr</u> court had sufficient cause to deny the motion to withdraw plea, it is not clear here, if the defendant would place an undue burden on the Court upon a grant of his motion to withdraw plea. What is certain is that the defendant made a good-faith effort in trusting his attorney to follow the advice of an immigration attorney and negotiate a plea that would not have as a consequence the Defendant's removal from the United States. The defendant's attorney failed to hold his keep his promise to both the immigration attorney in abiding by her cautions for removal as well as his duty to the defendant to negotiate a plea that would not result in immigration consequences.

Once the defendant was made aware of attorney Velarde's failings, he consulted with immigration attorney Mirza who advised him to immediately notify the Court of his request to withdraw his plea and the reasons thereof. Advice of counsel, when given on full disclosure of all the facts and followed in good faith, may be a matter to be considered by the jury in determining a person's guilt. <u>Id</u>. at 347 citing <u>U.S. v. Thaggard</u>, 477 F.2d 6262, 632 (5th

Cir.1973), *cert. denied*.

## Conclusion

The defendant knowingly and voluntarily entered a plea of guilt to misdemeanor 18 U.S.C. 371. The Court was made aware of the defendant's intent when he made an in-court statement to plea guilty only to the second paragraph of 18 U.S.C. 371. The defendant also asserted his innocence to the Senior Probation Officer after the Court accepted his plea when he told Ms. Rodriguez the reason he pled guilty was "to eliminate any possible legal exposure directed towards [his] mother." The defendant was denied effective assistance of counsel when his criminal attorney, after consulting with an immigration attorney, failed to follow the strict advice of the immigration attorney and the directives of the defendant to negotiate a plea agreement that would not result in immigration consequences of removal from the United States. The defendant did not have an experienced immigration attorney negotiate the plea agreement or appear during his colloquy to ensure his entry of plea was knowingly and voluntarily made without any immigration consequences. The defendant had only FIFTEEN (15) minutes to review the plea negotiated by attorney Velarde prior to the status conference hearing, not nearly enough time to sufficiently become aware of the wording and the immigration consequences that would befall him. The defendant gave prompt notice to the Court upon his discovery of the actual wording of the plea. A court when enumerating the seven factors to grant a motion to withdraw a plea should consider the "**totality of the circumstances**." Carr, 740 F.2d 339, 344 (emphasis added). Given the defendant's totality of the circumstances above, this Court should grant defendant's motion.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grant this Motion to Withdraw Guilty Plea for the reasons set forth above.

Respectfully submitted,

_/s/_____
**FELIPE D.J. MILLAN**
Texas State Bar No. 00788791
New Mexico State Bar No. 7220
1147 Montana Avenue
El Paso, Texas   79902
Telephone:(915) 566-9977
Facsimile:(915) 562-6837
E-Mail: elpasolawboy1@msn.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2008, a true and correct copy of the foregoing instrument was delivered to Mr. Russell D. Leachman, Assistant U.S. Attorney, Office of the United States Attorney, 700 E. San Antonio, El Paso, Texas, 79901.

__/s/_____
**FELIPE D.J. MILLAN**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. EP-04-CR-2091KC(5) |
| ) | |
| NOEL CEDRO TOLENTINO ) | |

## ORDER GRANTING MOTION

**THIS MATTER** having come before the Court on Defendant's Motion for Withdraw of Guilty Plea. The Court, having reviewed and considered said motion,

_____ Grants

_____ Denies

said motion.

**IT IS ORDERED** that defendant's guilty plea be

_____ Withdrawn

_____ Remain

_____
**HON. KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**